UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YANGAROO INC.,

        Plaintiff,

  v.                                                Case No. 09-C-462

DESTINY MEDIA TECHNOLOGIES INC.,
DESTINY SOFTWARE PRODUCTIONS INC.
and MPE DISTRIBUTION INC.,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

      Plaintiff Yangaroo Inc. ("Yangaroo") brought this action for patent infringement against defendants Destiny Media Technologies Inc., Destiny Software Productions Inc. and MPE Distributing Inc. (collectively "Destiny"). Yangaroo is the holder of a utility patent, United States Patent No. 7,529,712 ("the '712 patent"), and alleges that Destiny "is directly infringing, inducing infringement of and/or contributorily infringing one or more claims of the '712 patent." (Compl. ¶ 12.) The case is before me on Destiny's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the reasons stated below, the motion will be denied.

**Background**

      According to the complaint, '712 patent was issued to three inventors on May 5, 2009, the date upon which Yangaroo filed its complaint in this matter. (Compl. ¶ 9.) The three inventors assigned their rights, title and interest in and to the '712 patent to Yangaroo. The

single claim of the '712 patent, which is a method or process claim, reads as follows:

> 1. A method of distributing content to a plurality of recipients over a distributed computer network, each recipient having a recipient terminal connected to the network, comprising the steps of:
>
> (a) storing, in server, a user profile for each recipient, each user profile comprising login information and a unique identifier;
>
> (b) receiving and storing, at the server, a content file, a release condition, a release state, and a distribution list associated with said content file, the receiving step being performed from a provider terminal connected to the network, wherein the distribution list contains unique identifiers of specific authorized recipients of the content file;
>
> (c) receiving a request for access from one of the recipient terminals, the request containing login information;
>
> (d) in response to the request for access; a. comparing the received login information to the stored login information to verify that the request came from one of the recipients, b. based on the comparing step, retrieving the stored unique identifier from the user profile, c. verifying that the distribution list includes said one of said recipients by comparing the retrieved unique identifier to the distribution list; and
>
> (e) providing access to the content file at said one of the recipient terminals based on the release condition and the release state.

(Compl., Ex. 1 at Col. 7 line 5 - Col. 8 line 16.)

The specification of the '712 patent states that "[i]n operation, a content provider, such as a record label promotions director, uses the content provider computer system to upload an encrypted digital music single to the remote distribution server." (*Id*. at Col. 4 lines 37-40.) The patent's summary of the invention also notes that "[a] content provider uploads encrypted content to the system and specifies the institutions or individuals to which the content is to be provided and release conditions under which it is to be made available." (*Id*. at Col. 1 lines 63-67.)

Yangaroo alleges that Destiny is infringing its patent through its MPE products and services, which apparently enable "content owners to distribute their digital media globally using the internet." (Compl. ¶¶ 4, 5, 12.) Specifically, Yangaroo alleges that Destiny has sold or offered to sell the accused MPE products and/or services to two radio stations in Green Bay, Wisconsin. (Compl. ¶ 8.) In their motion to dismiss, Defendants contend that the complaint fails to state a claim for direct or joint infringement by any of the Defendants, and absent a proper allegation of direct infringement, Plaintiff's claims for contributory and induced infringement fail as well.

**Analysis**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations which are enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), a court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity and Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

"Infringement of process inventions is subject to the 'all-elements rule' whereby each of the claimed steps of a patented process must be performed in an infringing process, literally

3

or by an equivalent of that step, with due attention to the role of each step in the context of the patented invention." *Canton Bio Medical, Inc. v. Integrated Liner Technologies, Inc.*, 216 F.3d 1367, 1369-70 (Fed. Cir. 2000) (citation omitted). In *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007), the Federal Circuit held that a party who does not perform each and every step of a patented process but directs a third party to carry out certain steps may nevertheless be held liable for direct infringement, but only if such party exercises "control or direction" over the third party. 498 F.3d at 1379-82. While the court noted that "[a] party cannot avoid infringement . . . simply by contracting out steps of a patented process to another entity," *id.* at 1381, it did not set out any other criteria of what would demonstrate sufficient control or direction to create liability for direct infringement. Since its decision in *BMC Resources*, the Federal Circuit has stated that ". . . the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008) (*citing BMC Resources*, 498 F.3d at 1379).

    Destiny contends that Yangaroo's complaint must be dismissed for failure to allege direct or joint infringement by any of the defendants. Specifically, Destiny asserts that the second step of the five-step method claimed in the '712 patent requires action by a third party content provider, and Yangaroo's complaint fails to allege that Destiny exercised sufficient control over such a party to permit a finding of direct infringement. In response to the motion, Yangaroo argues that Destiny's motion is premature, as it asks the Court to resolve claim construction and infringement as a matter of law without the benefit of discovery. Yangaroo

4

also disputes Destiny's construction of its patent and contends that its claim does not require any infringing conduct by third parties. Thus, Yangaroo contends, the failure to allege joint infringement is irrelevant.

I find that Yangaroo has the better argument, at least at this stage of the litigation. In order to test the sufficiency of the allegation of infringement found in the complaint, the Court must first construe the patent claim to determine whether the claim requires an allegation of joint infringement. While claim construction is a matter of law involving a determination of "the meaning and scope of the patent claims asserted to be infringed," *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir.1995) (en banc), *aff'd*, 517 U.S. 370 (1996), through a consideration of sources intrinsic to the claim, such as the claim itself, the specification, and the prosecution history, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005) (en banc), "the proper time for this Court to address claim construction is not in a motion to dismiss." *Schreiber v. Eli Lilly & Co.*, No. Civ. A. 05CV2616, 2006 WL 782441, at *4 n.10 (E.D. Pa. Mar. 27, 2006) (*citing Markman*, 517 U.S. 370); *see also Technology Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 920 (D. Md. 2008) (resolution of necessary inquiries in claim construction analysis not appropriate at motion to dismiss stage); *Cima Labs, Inc. v. Actavis Group HF*, Civ. Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *3 (D. N.J. June 7, 2007) (*citing Schreiber*, 2006 WL 782441, at *4). One reason for not conducting claim construction on a motion to dismiss under Rule 12(b)(6), which does not permit consideration of matters outside the pleadings unless the motion is converted to one for summary judgment, *Travel All Over the World v. The Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996), is that the Federal Circuit has "authorized district

5

courts to rely on extrinsic evidence, which 'consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.'" *Phillips*, 415 F.3d at 317 (*quoting Markman*, 52 F.3d at 980).

Destiny directs the Court to *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331 (S.D. Fla. 2008), *aff'd without opn.*, 318 Fed.Appx. 908, 2009 WL 886300 (Fed. Cir. Apr. 1, 2009), a case in which the patent-holder plaintiff alleged that the defendant was infringing its patented claim through the operation of a website. While the court in *Global Patent Holdings* granted defendant's motion to dismiss on the ground that the plaintiff had failed to allege direction or control over third party computer users sufficient to state a claim for direct infringement, the parties agreed that the claim at issue required two individuals or entities to complete all of the method's steps. 586 F. Supp. 2d at 1335. Unlike the plaintiff in *Global Patent Holdings*, Yangaroo vigorously disputes Destiny's contention that its method claim requires that a third party content provider perform the method's second step. Thus, *Global Patent Holdings* is of little help given the nature of this case.

It may be that after claim construction the Court will find Destiny's contention that Yangaroo explicitly disclaimed in the prosecution history the construction that it advances today (i.e., that a third party content provider does not perform the second step claimed). (Defs.' Reply Br. at 2-3.) In any event, based upon the thin record before me, I leave for another day construction of the claimed method. Because resolution of Destiny's motion to

6

dismiss for failure to state a claim necessarily entails a construction of the claim, which is inappropriate given the infancy of these proceedings, the motion is **DENIED**.

**SO ORDERED** this 31st day of August, 2009.

                                                                      s/ William C. Griesbach
                                                                      William C. Griesbach
                                                                      United States District Judge

7

Case 1:09-cv-00462-WCG   Filed 08/31/09   Page 7 of 7   Document 17