UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YANGAROO INC.,

        Plaintiff,

v.                                                   Case No. 09-C-462

DESTINY MEDIA TECHNOLOGIES INC.,
DESTINY SOFTWARE PRODUCTIONS INC.
and MPE DISTRIBUTION INC.,

        Defendants.

## DECISION AND ORDER

On June 7, 2010 this Court granted defendants' Destiny Media Technologies Inc., Destiny Software Productions, Inc., and MPE Distributing, Inc. (collectively "Destiny") motion for summary judgment of non-infringement. (Decision and Order, Dkt. 62.) On June 22, 2010 Defendants filed a motion seeking an award $172,759.33 in attorney's fees from Plaintiff Yangaroo Inc.'s ("Yangaroo") pursuant to 35 U.S.C. § 285 and Rule 11, Fed. R. Civ. P. (Motion, Dkt. 67.)

**I. BACKGROUND**

The factual background of this case is laid out in this Court's Decision and Order from June 7, 2010 and will not be repeated here. (Dkt. 62 at 2-4.) To analyze this motion for

attorneys fees, a short review of the procedural background of this case is warranted. First, prior to Yangaroo filing its 2009 complaint in this case, both companies were involved in parallel patent litigation in Canadian courts reaching back as far as 2006. (Destiny's Mem., Dkt. 68 at 12-13.) Yangaroo filed its complaint in this lawsuit on May 5, 2009. (Dkt. 1.) After Yangaroo stipulated to Destiny's request for additional time to answer the complaint, (Dkt. 6) Destiny filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, (Dkt. 9-10) which this Court denied. (Dkt. 17.) Whether Destiny's computer servers were physically located only in Canada quickly became a key issue in the case. Destiny first raised the issue regarding the location of its servers on September, 18, 2009. (Dkt. 19.) Shortly thereafter counsel for both sides agreed to use the Court's Fast Track Summary Judgment Procedure ("Fast Track"). Under Fast Track this Court issued a scheduling order on October 13, 2009, limiting discovery to extraterritoriality and staying discovery on all other matters. (Dkt. 25.) The parties completed discovery on this issue and, by February 12, 2010, Destiny filed a motion for summary judgment. (Dkt. 30.) Yangaroo filed a timely response brief further narrowing the issues by conceding that Yangaroo did not have a case under U.S.C. § 271(a), (b), (c) and (f). The summary judgement motion was ripe for decision by March 29, 2010, the date on which Destiny filed its reply brief. (Dkt. 49.) Just over two months later this Court granted Destiny's motion for summary judgement (Dkt. 62.) concluding that, because the claimed method of United States Patent No. 7,529,712 ("the '712 patent") patent did not embrace a method of manufacturing the content prior to distributing it, Destiny was entitled to summary judgment of non-infringement on Yangaroo's claim under 35 U.S.C. § 271(g).

## II. ANALYSIS

### A) Analysis under Rule 11, Fed. R. Civ. P.

Destiny contends that Yangaroo failed to conduct an adequate infringement analysis before filing a its lawsuit in violation of Fed. R. Civ. P. 11. (Mem. in Sup. Dkt. 68 at 11.) Rule 11 of the Federal Rules of Civil Procedure imposes

> on any party who signs a pleading, motion, or other paper-whether the party's signature is required by the Rule or is provided voluntarily-an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances.

*Business Guides Inc., v. Chromatic Comm., Ent. Inc.* 498 U.S. 533, 550 (U.S. 1991). Yangaroo points out that Destiny failed to comply with the safe harbor provision of Rule 11 and the requirement that motions for sanctions be made separately from other motions or requests. Rule 11 motions for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11 (c)(2). This safe harbor provision was added to Rule 11, in part, to make the rule fairer by giving a potential violator notice and an opportunity to correct. The safe harbor provision is not a mere formality that a court may ignore. *See Corley v. Rosewood Care Center, Inc.,* 142 F.3d 1041, 1058 (7th Cir.1998) (citing *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir.1997), and *Barber v. Miller,* 146 F.3d 707, 710-11 (9th Cir.1998)). In its reply brief, (Dkt.83.) Destiny does not address Yangaroo's argument that Destiny failed to meet the 21-day safe harbor provision and failed to serve the motion separately. Thus this Court understands Destiny to effectively concede that it did not serve its Rule 11 motion on Yangaroo 21 days

3

before filing the motion in this court. Even if Destiny had met Rule 11's safe harbor provision, it did not file its Rule 11 motion separately; Destiny combined its motion for sanctions with its motion for attorney fees under 35 U.S.C. § 285. (Dkt. 68.) Therefore, this Court denies Destiny's motion for sanctions under Fed. R. Civ. P. 11.

**B) Analysis under 35 U.S.C. § 285**

Destiny also bases its claim for attorney's fees on 35 U.S.C. § 285 which allows a court to award reasonable attorneys fees to a prevailing party in "exceptional" cases. "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.,* 279 F.3d 1022, 1034 (Fed. Cir. 2002) (citing *Hoffmann-La Roche Inc. v. Invamed Inc.,* 213 F.3d 1359, 1365 (Fed. Cir. 2000)). Destiny, as the prevailing party, bears the burden of proving the case is "exceptional" by clear and convincing evidence. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 563 F.3d 1358, 1372-73 (Fed. Cir. 2009). Absent misconduct in the litigation, a trial court may only impose sanctions if the litigation is brought in subjective bad faith and the litigation is objectively baseless. *See Serio-US Inds., Inc. v. Plastic Recovery Tech. Corp.,* 459 F.3d 1311, 1321-22 (Fed. Cir. 2006) (affirming denial of U.S.C. § 285 fee award).

Destiny's primary arguments that this case is "exceptional" are: (1) Yangaroo knew or should have known that Destiny's servers were located only in Canada; (2) Given precedent from *NTP, Inc. v. Research In Motion, Ltd.*, 418 F. 3d 1282 (Fed. Cir. 2005) Yangaroo knew or should have known there was no factual or legal basis for bringing a claim against Destiny

4

under U.S.C. § 271 (a), (f), or (g); and (3) Yangaroo's lawsuit was designed to allow the company to raise money from investors and Yangaroo sought to drag out the lawsuit long enough to secure said financing. Each of these arguments is unpersuasive.

Destiny's last argument–that the suit was designed to help Yangaroo secure financing–is belied by the procedural history of this case. The speed, relatively speaking, with which Yangaroo proceeded through this litigation undermines Destiny's assertion that Yangaroo was attempting to delay its resolution. This entire suit was resolved in just over thirteen months, from the date Yangaroo filed the suit until the date this Court ruled on the dispositive motion for summary judgment. Yangaroo agreed to proceed under the Fast Track procedure, agreed to limited discovery, and agreed to submit briefs on a single potentially, and, as it turned out, eventually dispositive issue. Yangaroo did not ask the Court for a single extension of time during the litigation.[1] Upon completion of discovery Yangaroo promptly conceded that it did not have a case under 35 U.S.C. § 271(a), (b), (c) and (f) and proceeded only where it felt it had viable claim. Yangaroo's actions stand in stark contrast to Destiny's contention that the suit was designed to "tantalize" investors and that Yangaroo "was deliberately maintaining this case as long as it could to obtain financing." (Mem. in Sup. Dkt. 68 at 22.) This Court rejects Destiny's argument that Yangaroo's lawsuit was in anyway improperly driven by investor relations.

Destiny's next argument–that Yangaroo knew or should have known the Destiny servers were located in Canada–simply falls short of the requisite clear and convincing

---

[1] Yangaroo did consent to Destiny's request for additional time to answer the complaint. (Dkt. 6.)

showing of "litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys.,* 279 F.3d at 1034. Destiny relies heavily on pleadings and discovery from the parallel Canadian lawsuit between Yangaroo and Destiny. (Mem. in Sup., Dkt. 68 at 12-13.) In 2008, a year prior to Yangaroo filing this lawsuit in the United States, Yangaroo attorneys deposed Destiny's CEO, Steve Vestergaard, who stated that "currently" tracks "come from Destiny's servers in Vancouver [British Columbia, Canada]." (*Id.*) In January 2009, four months prior to the subject lawsuit, Destiny filed a publicly available SEC form 10-K stating "we currently have two server facilities, both in Vancouver [British Columbia, Canada]." (*Id.*) Notably both the deposition and the SEC filing use the word "currently." Yangaroo points out that the SEC form 10-K stated that Destiny was planning to add servers in additional locations and that a Destiny press release referred to "North American" locations. (Response Br. Dkt. 80 at 7.) It is reasonable to conclude that Yangaroo had at least a colorable belief that Destiny may have had servers in the United States at the time Yangaroo filed the subject suit. While it is possible that Yangaroo could have done more to pin down the exact location of Destiny's existing and potential server locations prior to filing the subject lawsuit, that is not the standard this Court applies when considering whether to award attorney's fees.

As stated above, Yangaroo agreed to proceed on the Fast Track to resolve the server location issue quickly. Eventually Yangaroo's discovery clarified that Destiny's servers were only located in Canada. At that point Yangaroo conceded that it did not have a case under 35 U.S.C. § 271(a), (b), (c) and (f) and moved forward only on the 35 U.S.C. § 271 (g) argument that the digital content encrypted and decrypted using Destiny's system constituted a product

6

in the United States. The fact that this Court eventually dismissed Yangaroo's 271 (g) claim on summary judgment does not mean that the claim was vexatious, unjustified, and otherwise made in bad faith. Considering the totality of the circumstances, Destiny has failed to establish clear and convincing evidence showing Yangaroo knew or should have known the Destiny servers were only located in Canada.

Finally, Destiny avers that the binding precedent of *NTP, Inc. v. Research In Motion, Ltd.*, 418 F. 3d 1282 (Fed. Cir. 2005) should have led Yangaroo to the conclusion that there was no factual or legal basis for bringing a claim for direct infringement under 35 U.S.C. § 271 (a), (f), or (g). *NTP, Inc. v. Research In Motion, Ltd.* held that method patent claims over computer process are not infringed by computers located outside the United States that perform the claimed process as a service and merely transmit information into the United States. 418 F. 3d 1282 (Fed. Cir. 2005). Notwithstanding that holding, Yangaroo cited *CNET Networks, Inc. v. Etilize, Inc.,* 528 F. Supp. 2d 985 (N.D. Cal. 2007) and *Ormco Corp. v. Align Technology, Inc.,* 609 F. Supp. 2d 1057 (C.D. Cal. 2009) in support of its position that the encrypted music distributed by Destiny's Play MPE system constituted a product within the meaning of 35 U.S.C. § 271 (g). This Court eventually distinguished Yangaroo's patent from the patents present in the *CNET* and *Ormco* cases, but that does not mean Yangaroo's 35 U.S.C. § 271 (g) argument was necessarily precluded by the holding in *NTP, Inc. v. Research In Motion.* 418 F. 3d 1282 (Fed. Cir. 2005). The fact that the Court ruled against Yangaroo does not suggest in any way that Yangaroo's claim was brought in bad faith or was otherwise vexatious or unjustified.

**III. CONCLUSION**

For the reasons set forth in detail above, the Court concludes Destiny failed to serve its Rule 11 motion on Yangaroo 21 days before filing the motion in this court and that Destiny did not file its Rule 11 motion separately. Further the Court holds that Destiny has failed make a clear and convincing showing that the subject case was "exceptional" under 35 U.S.C. § 285 because there is insufficient evidence of litigation misconduct or of vexatious, unjustified, and otherwise bad faith litigation.

**THEREFORE IT IS ORDERED** that Destiny's motion for attorney's fees is **DENIED.**

Dated this ___23rd___ day of August, 2010.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge